1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    NATIONSTAR MORTGAGE, LLC,                    No. C-13-4857 EMC

9              Plaintiff,

                                                  **ORDER GRANTING PLAINTIFF'S**
10        v.                                      **MOTION TO REMAND CASE TO**
                                                  **STATE COURT**
11   CHARLES J. DELANEY, *et al.*,

12             Defendants.
     _____/

13

14                          **I.    INTRODUCTION**

15         Before the Court is Plaintiff Nationstar Mortgage LLC's motion to remand this action to state

16   court.  The Court finds this matter suitable for disposition without a hearing and thus **VACATES** the

17   hearing on the motion set for January 2, 2014.  The Court hereby **GRANTS** the motion to remand

18   and **REMANDS** this case to the Superior Court of California for the County of Contra Costa.

19   Nationstar's request for attorneys' fees is **DENIED**.

20                    **II.    FACTUAL & PROCEDURAL BACKGROUND**

21         Nationstar filed a verified complaint for unlawful detainer against the Defendants on July 12,

22   2013.  Dkt. No. 1, at 10.  The complaint involves a piece of property in San Ramon, California.

23   Compl. ¶ 2.  Nationstar alleges that the property was sold to them pursuant to the power of sale

24   provision contained in the deed of trust Defendants executed on the property, and in accordance with

25   California Civil Code §§ 2923.5 and 2924.  *Id.* ¶ 4.  Nationstar alleges that they became the owner of

26   the property effective on March 22, 2013.  *Id.*

27         On May 22, 2013, Nationstar served on Defendants a written notice requiring them to vacate

28   the property within 3 days after service of the notice.  *Id.* ¶ 6.  Nationstar alleges that Plaintiffs have

**United States District Court**
For the Northern District of California

1   failed to vacate the property and continue to possess the property without its permission or consent.

2   *Id.*

3       Defendants filed an answer to the verified complaint on September 18, 2013.  Dkt. No. 1, at

4   27.  The answer consisted of a general denial as permitted under California law.  One month later, on

5   October 18, 2013, Defendants filed a notice of removal to this Court.  Dkt. No. 1, at 1.  On

6   November 14, 2013, Nationstar filed the instant motion to remand this action to state court.  Dkt.

7   No. 12.  Nationstar asserts that removal was improper on two grounds: (1) The notice of removal

8   was untimely, and (2) There is no federal subject matter jurisdiction over this suit.  Defendants'

9   opposition to this motion was due December 9, 2013, but no opposition was filed.

10                    **III.   DISCUSSION**

11      Defendants improperly removed this action.  First, and most fundamentally, this Court lacks

12   jurisdiction over this action.  Second, the notice of removal was untimely.  Finally, as citizens of

13   California, the "forum defendant" rule precludes Defendants from removing this action from

14   California state court.

15   A.    Diversity Jurisdiction Does Not Exist Over this Action

16      "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to

17   remand it, for 'removal is permissible only where original jurisdiction exists at the time of removal

18   or at the time of removal . . . ."  *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159

19   F.3d 1209, 1211 (9th Cir. 1998) (quoting *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*,

20   523 U.S. 26 (1998)).  Here, remand is required because this Court lacks subject matter jurisdiction of

21   this action.

22      In their notice of removal, Defendants assert that this Court has original jurisdiction under 28

23   U.S.C. § 1332.  Dkt. No. 1, at 2.  In addition to requiring complete diversity of the parties, § 1332

24   requires that the "matter in controversy exceed[] the sum or value of $75,000, exclusive of interest

25   and costs."  28 U.S.C. § 1332(a).  When an action is removed on the basis of diversity jurisdiction,

26   "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in

27   controversy."  28 U.S.C. § 1446(c)(2).  However, if it is "not facially evidence from the complaint

28   that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the

United States District Court

For the Northern District of California

1    evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v.*

2    *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

3         In the notice of removal, Defendants do no more than state, without supporting factual

4    allegations, that "[f]rom the face of the Complaint . . . it is apparent the amount in controversy more

5    likely than not exceeds $75,000, exclusive of interest and costs." Dkt. No. 1, at 3.  The Court

6    disagrees.  Rather, it is apparent from the face of Nationstar's complaint that this action does not

7    exceed $75,000.  First, Nationstar filed its action as a "Limited Civil Case."  Under California law,

8    an unlawful detainer action brought as a "Limited Civil Case" is one where the "whole amount of

9    damages claimed is twenty-five thousand dollars . . . or less."  Cal. Code of Civ. P. 86(a)(4); *see also*

10   *Shoreline Assets Group, LLC v. Shin*, No. C 13-1681 MMC, 2013 WL 3243909, at *1 (N.D. Cal.

11   June 26, 2013) (finding the amount in controversy not satisfied, in part, because "plaintiff filed the

12   action as a 'Limited Civil Case' and plaintiff is thereby limited to an award of no more than

13   $25,000." (citation omitted)).  Second, Nationstar clearly states on the first page of the complaint

14   that the "Amount Demanded Does Not Exceed $10,000." Dkt. No. 1, at 10.  Finally, in the body of

15   the complaint, Nationstar sought "[t]he reasonable value for the use and occupancy of the Property"

16   which it alleged to be "$60.00 per day."  Compl. ¶ 9.  Further, in their prayer for relief, Nationstar

17   also sought "restitution and possession of the Property."  Dkt. No. 1, at 12.

18        In the face of the allegations in Nationstar's complaint, the Court finds that Defendants have

19   failed to show by a preponderance of the evidence that the jurisdictional threshold is met.  It is true

20   that this action involves the right to use and possess a piece of property and that the property itself is

21   likely worth more than $75,000.  However, "in unlawful-detainer actions, the title to the property is

22   not the object of the litigation—only the right to possession."  *HSBC Bank USA, Nat'l Ass'n v.*

23   *Jacob*, No. 5:13-cv-02191-ODW, 2013 WL 6328840, at *2 (C.D. Cal. Dec. 4, 2013).  Thus, in *Litton*

24   *Loan Servicing, L.P. v. Villegas*, No. C10-05478 PJH, 2011 WL 204322 (N.D. Cal. Jan. 21, 2011),

25   the Court noted that since the "unlawful detainer cause of action is concerned only with the

26   possession of the Property, damages are limited to those incident to the unlawful detention of said

27   Property."  *Id.* at *2.  There, the Court noted that the plaintiff was only seeking $60 per day from the

28   date the notice to vacate expired through the date that the defendant relinquished possession.  *Id.*

**United States District Court**
For the Northern District of California

1   Accordingly, the Court found that the amount in controversy did not exceed $75,000 and that

2   diversity jurisdiction was lacking.

3       The same result obtains here.  Defendants have failed to show that the amount in controversy

4   exceeds $75,000.  Accordingly, there is no diversity jurisdiction over this action and removal was

5   improper.

6   B.      Defendants' Notice of Removal is Defective

7       Under 28 U.S.C. § 1446(b), a defendant "shall have 30 days after receipt by or

8   service on that defendant of the initial pleading or summons . . . to file the notice of

9   removal."  *Id.* § 1446(b)(2)(B).  "Remand is required if a notice of removal is not filed

10  within 30 days after the defendant receives a copy of the complaint."  *Newtop v. Rhenquist*,

11  No. C-94-4068-VRW, 1995 WL 23929, at *1 (N.D. Cal. Jan. 17, 1995).  This requirement is

12  not jurisdictional; if a party does not move to remand the action to state court within 30 days

13  of the notice of removal, any untimeliness in the notice of removal is waived.  *See id.* §

14  1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject

15  matter jurisdiction must be made within 30 days after the filing of the notice of removal

16  under section 1446(a).");  *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 n.3

17  (9th Cir. 1998) ("Ritchey now suggests that the case was not removed within the required

18  30 day period.  He waived that issue when he failed to raise it within 30 days after

19  removal." (citation omitted)).

20      In this action, it is apparent that Defendants received Nationstar's verified complaint

21  no later than August 9, 2013.  On that date, Defendants filed a demurrer to the verified

22  complaint in state court. Dkt. No. 14-3.[1]  Thus, notice of removal was due on September 9,

23  2013 at the absolute latest.  In fact, Defendants waited until October 18, 2013 to file the

24  notice of removal—after their demurrer was denied on September 12, 2013 (Dkt. No. 14-4,

25

26          [1] Nationstar has requested that this Court take judicial notice of documents filed in the state
27  court action showing (1) their service of the complaint; (2) Defendants' demurrer to that complaint;
    (3) the state court denying the demurrer, (4) Defendants' answer; and (5) Nationstar's motion for
    summary judgment.  Dkt. No. 14.  This request is **GRANTED**.  *See Nextdoor.Com, Inc. v.*
28  *Abhyanker*, No. C-12-5667 EMC, 2013 WL 3802526, at *8 (N.D. Cal. July 19, 2013).

at 2), after they filed their answer on September 18, 2013 (Dkt. No. 14-4, at 30), and four days before the state court was set to hear Nationstar's motion for summary judgment (Dkt. No. 14-6, at 2).  Defendants timely raised their objection by filing a motion to remand within 30 days.  Dkt. No. 12-1, at 3.  Because the notice of removal is clearly untimely, remand is required.

Further, even if timely filed, Defendants' removal of this action was still improper. Under 28 U.S.C. § 1441(b), an action which otherwise meets the criteria for diversity jurisdiction under 28 U.S.C. § 1332 may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  "This 'forum defendant' rule 'reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state.'" *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed. 2003)).  It is "thus clear that the presence of a local defendant at the time removal is sought bars removal." *Id.*  Defendants in their notice of removal clearly state that "Defendants Karmina J. Delaney and Charles J. Delaney are individuals and residents of Contra Costa County, California."  Dkt. No. 1, at 2. As a result, the notice of removal is deficient on its face.

///
///
///
///
///
///
///
///
///
///

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.   <u>CONCLUSION</u>

Because this Court lacks subject matter of this dispute and because Defendants' notice of removal was deficient, Defendant's motion to remand is **GRANTED**. Defendants' motion for attorneys' fees is **DENIED**.  *See HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-1659-IEG, 2009 WL 3787195 (S.D. Cal. Nov. 10, 2009) (recognizing that pro se litigants are "entitled to more leeway in [their] attempt to comply with the removal statute, as long as it was not objectively unreasonable").


IT IS SO ORDERED.


Dated:  January 6, 2014

_____
EDWARD M. CHEN
United States District Judge